COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






MARIA PORTILLO,

                            Appellant,

V.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 §

 §


No. 08-08-00218-CR

Appeal from the

County Court at Law No. 1

of El Paso County, Texas 

(TC# 20070C09563)





O P I N I O N

            Maria Portillo was convicted of the offense of prostitution. She was sentenced to 180
days in the El Paso County jail and fined $2,000. On appeal, she raises a single issue arguing she
was denied her constitutional right to effective assistance of counsel during the punishment phase
of trial. Affirmed.
            A jury convicted Appellant of engaging in the misdemeanor offense of prostitution. At
punishment, the case was submitted to the jury on the evidence and arguments made during the
guilt/innocence phase. Neither side offered additional evidence. The trial court instructed the
jury, without objection, that the punishment authorized for the offense included a fine of up to
$2,000, up to 180 days in jail, or a combination of a fine and imprisonment. The State gave a
short closing statement, and defense counsel declined to argue. The jury assessed the maximum
punishment provided in the court’s instructions, and the trial court entered judgment on the
verdict.
            Appellant argues on appeal that she was denied effective assistance of counsel by defense
counsel’s failure to present a closing argument at the punishment phase, and by counsel’s failure
to argue for probation as an alternative punishment.
            A claim of ineffective assistance of counsel consists of two components. Strickland v.
Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The appellant
must establish both that his trial counsel performed deficiently, and that the deficiency caused
him prejudicial harm. Id. When evaluating trial counsel’s performance under the first prong, the
reviewing court must not second-guess legitimate strategic or tactical decisions made in the midst
of trial. Id. at 689, 104 S.Ct. at 2065. Instead a strong presumption that counsel’s conduct fell
within the wide range of reasonable professional assistance must be indulged. Id. Absent a
record sufficient to demonstrate that counsel’s conduct was not the product of a strategic or
tactical decision, a reviewing court should presume that the attorney’s performance was
constitutionally adequate. Goodspeed v. State, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005). 
Unless the challenged conduct was “‘so outrageous that no competent attorney would have
engaged in it’” the constitutional standard is not offended. Id.
            Any allegation of ineffectiveness must be firmly grounded in the record. Thompson v.
State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). It is the appellant’s burden to demonstrate both
deficient performance and prejudice, by a preponderance of the evidence. See id. at 813. The
reviewing court must consider the totality of the representation and the particularities of each
case in evaluating effectiveness. Thompson, 9 S.W.3d at 813.
            We do not have the benefit of a motion for new trial in this case. Without such a record,
Appellant cannot meet her burden to establish defense counsel’s performance during punishment
was constitutionally deficient, nor that she was prejudiced by that deficiency. See Rylander v.
State, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003). Issue One is overruled.
            Having overruled Appellant’s sole issue presented for review, we affirm the trial court’s
judgment.


July 21, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)